```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
In Re: Application of Juan Manuel Ducler                   :
                                                           :
                              Petitioner,                  :
                                                           :               25-MC-0377 (VSB)
                                                           :
for an order pursuant to 28 U.S.C. § 1782 to               :
conduct discovery for use in a foreign                     :                    ORDER
proceeding.                                                :
                                                           :
-----------------------------------------------------------X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

I am in receipt of Petitioner's *ex parte* application (the "Application"), along with a three sentence "memorandum of law in support," seeking discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782. (Doc. 1.) As Petitioner acknowledges in his Application, 28 U.S.C. § 1782 contains three statutory requirements: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020) (quoting *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (cleaned up)). "Once the statutory requirements are met, a district court may order discovery under § 1782 in its discretion, taking into consideration the twin aims of the statute, namely, providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015) (internal quotation marks omitted). "The Supreme Court has identified four" factors—the so-called "*Intel* factors"—that are relevant to a district

1

court's discretion under § 1782:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."

*Mangouras*, 980 F.3d at 97–98 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004) (cleaned up)).  However, Petitioner's Memorandum of Law does not appear to provide an analysis regarding whether the statutory requirements of § 1782 are met and whether the discretionary *Intel* factors weigh in favor of granting the Application.

Accordingly, Petitioner is directed to file a supplemental Memorandum of Law addressing the § 1782 statutory requirements and *Intel* factors by **November 12, 2025**.

SO ORDERED.

Dated: October 21, 2025
      New York, New York

                                        Vernon S. Broderick
                                        United States District Judge